# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

ARMONI MASUD JOHNSON, :
   Plaintiff,    :   CIVIL ACTION NO. 3:14-CV-1490
          :
  v.       :
          :   (JUDGE NEALON)
WALTER KOEHLER, et al.,  :
   Defendants    :

## MEMORANDUM

On July 31, 2014, Plaintiff, Armoni Masud Johnson, an inmate currently incarcerated at the Dallas State Correctional Institution in Dallas, Pennsylvania, filed this pro se civil rights action pursuant to, inter alia, 42 U.S.C. § 1983. (Doc. 1). Along with his complaint, Plaintiff also filed an application seeking leave to proceed in forma pauperis. (Doc. 2). Subsequent to the filing of his complaint, Plaintiff filed five supplements to his complaint on the following dates: September 8, 2014; September 11, 2014; October 28, 2014; February 13, 2015; and March 16, 2015. (Docs. 6-10).

An initial screening of the complaint and related supplements has been conducted, and for the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action; certain claims will be dismissed from this action and Plaintiff's remaining claim will be stayed pending Plaintiff's receipt of a favorable termination in his criminal case.

## I.   Standard of Review

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

(April 26, 1996), authorizes a district court to dismiss an action brought by a

prisoner under 28 U.S.C. § 1915[1] if, inter alia, the complaint is frivolous,

malicious, or fails to state a claim upon which relief may be granted.  "The legal

standard for dismissing a complaint for failure to state a claim under §

1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a

motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."

Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014).  "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  The court "must accept the truth of all factual allegations in the

---

1. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any time
> if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is
>        immune from such relief.

complaint and must draw all reasonable inferences in favor of the non-movant."

Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of

Civil Procedure 8(a)." Atwater v. Shaffer, 2014 U.S. Dist. LEXIS 87463, *3

(M.D. Pa. 2014) (Jones, J.). Federal Rule of Civil Procedure 8(a)(2) dictates that

to state a claim, a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This

standard "requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." Twombly, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative

level." Id. "The Third Circuit has held that a civil rights complaint is adequate

where it states the conduct, time, place, and persons responsible." Evancho v.

Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Further, pro se complaints are to be

liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## II.  Complaint

Plaintiff claims that on May 31, 2012, he was the subject of an

unconstitutional undercover operation. (Doc. 1, p. 2). He alleges that Defendants,

Pennsylvania state troopers Walter Koehler, Christopher O'Brien, and Christopher

Lamb, violated his equal protection and due process rights by utilizing the alleged

3

victim of an aggravated assault charge against Plaintiff at docket number CP-40-CR-0002713-2011 (Luzerne Cnty. C.P. filed Sept. 15, 2011) ("2713-2011"), as a confidential informant to "entrap" him with drug charges at docket number CP-40-CR-0002553-2012 (Luzerne Cnty. C.P. filed July 20, 2012) ("2553-2012").  (Doc. 1, pp. 2-3).  Plaintiff states that he was out on bail awaiting trial for the aggravated assault charge at 2713-2011, in which he was charged with stabbing the victim and had a no-contact order with the victim as a condition of bail, when he was arrested on May 31, 2012, and charged with selling a bag of heroin.  (Id. at  p. 3).

Additionally, Plaintiff seeks to name Judge Fred Pierantoni as a Defendant for allegedly assisting the assault victim in Plaintiff's conviction in case number 2713-2011, an unfair trial, and conspiring to attack his due process rights.  (Id. at p. 4).  Plaintiff claims that Judge Joseph Augello conspired against him, issued false warrants, and violated his appeal rights in Plaintiff's criminal case at docket number CP-40-CR-0002193-2010 (Luzerne Cnty. C.P. filed July 26, 2010) ("2193-2010").  (Id.).  He alleges that the sentence imposed by Judge Kenneth Brown on January 17, 2012, in 2193-2010 violated his Eighth Amendment rights. (Id.).

Next, Plaintiff claims that his attorneys, Charles Ross and Mark Singer of the Luzerne County Public Defender's Office, conspired against him and

4

abandoned him during the course of the alleged May 31, 2012, entrapment in 2553-2012.  (Doc. 1, p. 4).  Further, Plaintiff seeks to name as a Defendant his court-appointed attorney, Matthew Kelly, for allegedly conspiring with Judge Augello to violate his appeal rights in case number 2193-2010.  (Id.).  The complaint states that Plaintiff is serving a sentence for the assault in case number 2713-2011, but has yet to have a trial on his drug charges at case number 2553-2012.  (Id.).

Plaintiff also names as additional Defendants the "owner of the Crossing Over Program Casey only known name" and the "Dailey Reporting Center."  He alleges that money was seized from his person and lost by the "Crossing Over Program."  (Id. at pp. 3-4).  As to the "Dailey Reporting Center," Plaintiff claims that he was unconstitutionally placed in the "Dailey Reporting Center," and he alleges that the "Daily Reporting Center" conspired to entrap Plaintiff in case number 2553-2012.  (Id. at  p. 5).

Plaintiff claims that his constitutional rights to due process, equal protection, and a fair trial were violated when bail was "used as punishment" on April 26, 2013.[2]  (Id.).  Finally, Plaintiff raises a claim for prosecutory misconduct

---

2.  Bail was revoked on April 26, 2013, in 2713-2011, 117-2012, and 2553-1012. Commonwealth v. Johnson, No. CP-40-CR-2713-2011 (Luzerne Cnty. C.P. filed Sept. 15, 2011); Commonwealth v. Johnson, No. CP-40-CR-117-2012 (Luzerne

for the events that occurred on May 31, 2012, and "any conspirac[ies] to it."  (Doc.

1, p. 5).  Plaintiff seeks monetary damages and to have his "civil liberty" restored

(Id. at p. 3).

      In a letter filed September 8, 2014, Plaintiff seeks leave to amend his

complaint to name the Luzerne County District Attorney's Office as a defendant

for alleged "prosecutory misconduct after a court date August 7, 2014," at which

he asked the Luzerne County Court of Common Pleas to vacate his conviction in

case number 2713-2011 following the identification of the alleged victim in 2713-

2011 as the confidential informant in two (2) pending criminal cases.  (Doc. 6).

      On September 11, 2014, Plaintiff filed a letter with supplemental allegations

to his complaint.  See (Doc. 7).  First, he makes additional allegations against his

court-appointed attorney Matthew Kelly for "negligent nonfeasance in connection

with" case number 2553-2012, and claims that Kelly is conspiring to violate his

rights.  (Id. at p. 1).  Second, Plaintiff alleges misconduct and malicious

prosecution by Stephanie Salavantis, F. McCabe, and Mary Phillips of the Luzerne

County District Attorney's Office following his court appearance on August 7,

2014.  (Id.).  Finally, he reiterates his claim against Judge Pierantoni, contends that

--------

Cnty. C.P. filed January 10, 2012); Commonwealth v. Johnson, No. CP-40-CR-
2553-2012 (Luzerne Cnty. C.P. filed July 20, 2012).

he has evidence of the violations surrounding the events on May 31, 2012, and alleges that he was wrongfully denied the assistance of counsel, which deprived him of a fair trial in case number 2713-2011. (Doc. 7, p. 1). Plaintiff seeks "to obtain relief from false imprisonment from illegal conviction and deprivation of [his] federal constitutional rights and seeks compensation" for the same. (Id.).

On October 28, 2014, Plaintiff filed a second letter with supplemental allegations to his complaint. (Doc. 8). Plaintiff claims that Judge Augello and his chambers, the Luzerne County Clerk of Court, Luzerne County Public Defenders Charles Ross and Mark Singer, and his court-appointed attorney Matthew Kelly engaged in a conspiracy.[3] (Id. at p. 1). Specifically, Plaintiff alleges that attorney Matthew Kelley "conspired with this act against plaintiff by filing a no-merit brief August 2013." (Id.). He also claims that exculpatory evidence was withheld after such evidence was requested by Plaintiff. (Id.). He states that Judge Augello was supposed to forward the requested exculpatory evidence to Plaintiff, but that was never done. (Id.). Plaintiff also raises a claim of ineffective assistance of counsel "which violated plaintiff[']s rights to appeal or access to the courts." (Id.). Plaintiff then claims that Judge Brown failed to inform him of his right to appeal

_____

3. According to Plaintiff, the claim against "attorney Matthew Kelly is the same as submitted [S]eptember 5th 2014 in which all parties conspired with each other to keep plaintiff [incarcerated] were doing so." (Doc. 8, p. 1).

on January 17, 2012, and denying Plaintiff's "rights of bail" pending appeal "in which offence was a misdemeanor and did not require jail" was "so cruel and unusual punishment and violation of due process clause." (Doc. 8, p. 1). He also asserts that Public Defender Charles Ross "abandoned plaintiff with out notifying plaintiff, thus violating plaintiffs rights to appeal a criminal offence...." (Id.). Plaintiff continues by alleging that Charles Ross "just so happened to abandon[] plaintiff to" begin representing an "opposing party of plaintiff leaving plaintiff" without effective assistance of counsel "when it was plaintiff's constitutional rights to have assistance of counsel for the case at the time around or about January 2012 to December 2, 2012." (Id.).

Plaintiff's second supplement to his complaint also claims that Judge Pierantoni violated his equal protection rights "for a pre-trial release violation...." (Id. at p. 2). According to Plaintiff:

> [r]ecords and transcripts will reflect that plaintiff has been deprived of federal constitutional rights and the superior courts of Pennsylvania has agreed to these unconstitutional acts in which I desire to challenge through these civil rights actions and is plaintiff[']s only means of seeking relief and justice from violations.

(Id.). Plaintiff requests that his charges be "thrown out and record expunged from appeal rights being violated and cruel and unusual punishment, and seeks no less

than 100 thousands dollars from each defendant."  (Doc. 8, p. 2).

On February 13, 2015, Plaintiff filed a third letter with supplemental
allegations to his complaint.  (Doc. 9).  Plaintiff begins by accusing the criminal
division of the Luzerne County court system and "[a]ll the defendants in this 1983
civil rights complaint" of committing the following:

> subornation to commit perjury and Brady violations,
> withholding exculpatory evidence from plaintiff and constantly
> entrapping plaintiff with [incarceration] and depriving plaintiff
> of liberty justice property life due process and equal protection
> and fundamental fairness in criminal system.

(Id. at p. 2).  Plaintiff then claims that prosecutorial misconduct occurred when the
identity of a confidential informant, Justin Barna, was withheld even though Barna
fell "under crimen falsi."  (Id.).  He also alleges that a Brady violation occurred
when Barna's criminal history was withheld from Plaintiff even though Barna fell
"under crimen falsi."  (Id.).  Plaintiff then advances an equal protection violation
due to Defendants selectively prosecuting Plaintiff.  (Id.).  Specifically, Plaintiff
alleges that he was selectively prosecuted in 2553-2012, while Barna, the
confidential informant, was not charged.  (Id.).  Plaintiff also claims, in support of
his selective prosecution claim, that Barna, the "unwitting go between," was not
charged in "137-2012."  (Id.).  According to Plaintiff, "[a]ll defendants in this
1983 claim conspired with each other and committed official oppression,

9

subornation to perjury, withholding exculpatory evidence, <u>Brady</u> violation, and prosecutory misconduct." (Doc. 9, p. 2).

On March 16, 2015, Plaintiff filed a fourth supplement to his complaint. (Doc. 10). Plaintiff first asserts that Barna should not be allowed to be a confidential informant outside of case number 2713-2011 due to Barna being "bias and racist." (<u>Id.</u> at p. 2). Plaintiff then raises a section 1985 claim based upon the acts allegedly committed by the relevant Defendants on May 31, 2012. (<u>Id.</u>). According to Plaintiff, "[t]he event of May 31, 2012 is critical to (1) to recover damages from persons who have conspired to interfere with those rights or [privileges]." (<u>Id.</u>). Plaintiff claims that the events on May 31, 2012, are critical as to whether "the undercover operatives engaged in unfair tactics and overreaching in violation of [the] due process clause...." (<u>Id.</u>). Plaintiff claims that his equal protection rights were violated because:

> [k]nowledge of opposing parties, state troopers, and their participation in the event of May 31 2012 and utilizing allege[d] [victim] Justin Barna [in] case #2713-2011 as a confidential informant against plaintiff Armoni Masud Johnson [in] case#2553-2012 is violation of equal protection rights and brings light to fraud on behalf of all opposing parties....

(<u>Id.</u>). Plaintiff alleges that the use of Barna as the confidential informant in the alleged conspiracy to entrap Plaintiff in 2553-2012 violated his right to equal

10

protection and due process because, according to Plaintiff, Barna is "bias and racist." (Doc. 10, p. 3). Additionally, Plaintiff claims that these facts support a 42 U.S.C. § 1985(3) claim. (Id. at  pp. 2-3).

Plaintiff's March 16, 2015, supplement also alleges that these facts amount to government misconduct and prosecutorial misconduct. (Id. at p. 4).  More specifically, Plaintiff again advances claims of selective prosecution and enforcement. (Id.).  According to Plaintiff:

> [a]ctions premised on the equal protection clause must allege that enforcement officers pursued a cust[o]m or policy of providing less protection to one class of person than another and that the custom or policy stemmed from a discriminatory motive or animus[] deep seated resentment and hostility,[] Where a plaintiff is able to demonstrate that law enforcement officials follow[] a custom or policy that had discriminatory effect in terms of the amount of protection afforded one class, as opposed to another class, a jury may infer that a discriminatory motive existed.

(Id.).  Plaintiff alleges that "all defendants" in this matter "conspired with eac[h] other to deprive [him] of constitutional rights not limited to violation of fair trial July 15 2013 for case #2713-2011 and denial of pre-release." (Id.).  Plaintiff further states that the use of "prejudicial propaganda which could have had an impact on the persons who are the subject of the indictment." (Id.).  Plaintiff claims that events "which potentially taint the accuracy of fact-finding process

may give rise to a viable 1983 claim." (Doc. 10, p. 4). Further, Plaintiff states that withholding exculpatory evidence and "[t]he divulgence of confidential information may violate privacy rights and give rise to a 1983 action." (Id.).

## III.   State Court Proceedings

On September 28, 2011, in case number 2193-2010, Plaintiff was found guilty after a jury trial of unlawful possession of a controlled substance. Commonwealth v. Johnson, No. CP-40-CR-2193-2010 (Luzerne Cnty. C.P. filed July 26, 2010). He was sentenced by Judge Brown on January 17, 2012, and paroled two (2) months later. Id. On June 20, 2012, a parole violation report was filed. Id. A post-sentence motion was subsequently denied by Judge Augello. Id. On appeal, the Pennsylvania Superior Court remanded the matter "for thirty (30) days for a determination as to whether counsel has abandoned appellant and to take further action as the court may deem necessary, including, but not limited to, appointment of new counsel." Commonwealth v. Johnson, 2177 MDA 2012 (Pa. Super. June 10, 2013). On remand, Matthew Kelly, Esquire, was appointed to represent Plaintiff. Johnson, No. CP-40-CR-2193-2010. Supplemental records were sent to the Superior Court, and on February 18, 2014, the Pennsylvania Superior Court affirmed and granted counsel's petition to withdraw. Johnson, No. CP-40-CR-2193-2010; Johnson, 2177 MDA 2012.

In case number 2713-2011, Plaintiff was convicted of two counts of Aggravated Assault[4] and sentenced on October 11, 2013, by Judge Pierantoni to not less than sixty-six (66) months imprisonment to not more than one hundred fifty-six (156) months. Commonwealth v. Johnson, No. CP-40-CR-2713-2011 (Luzerne Cnty. C.P. filed Sept. 15, 2011). Plaintiff filed a timely direct appeal, which is pending. Commonwealth v. Johnson, 2119 MDA 2013 (Pa. Super. filed Nov. 13, 2013).

In case number 2553-2012, Plaintiff has been charged with possession of a controlled substance, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance, and criminal use of communication facility for an offense on May 31, 2012. Commonwealth v. Johnson, No. CP-40-CR-2553-2012 (Luzerne Cnty. C.P. filed July 20, 2012). This action is currently pending, and the Honorable Fred Pierantoni has presided over bail matters in the case. Id.

Plaintiff also has drug-related charges pending in docket number CP-40-CR-117-2012 ("117-2012"). Commonwealth v. Johnson, No. CP-40-CR-117-2012 (Luzerne Cnty. C.P. filed January 10, 2012).

---

4. He was found not guilty of burglary and conspiracy charges were withdrawn. Commonwealth v. Johnson, No. CP-40-CR-2713-2011.

## IV.    Discussion

The main thrust of Plaintiff's complaint and supplements focus on his

section 1983 claims.  In order to state a viable section 1983 claim, a plaintiff must

plead two essential elements: (1) that the conduct complained of was committed

by a person acting under color of state law, and (2) that said conduct deprived the

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of

the United States.  Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir.

1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

"To establish liability for deprivation of a constitutional right under § 1983, a

party must show personal involvement by each defendant."  Keys v. Carroll, 2012

U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.) (citing Ashcroft v.

Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to

Bivens and § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the

Constitution.")); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir.

2010).

### A.    Defendants

#### 1.  Judge Pierantoni, Judge Augello, and Judge Brown

Plaintiff attempts to name Judge Pierantoni, Judge Augello, and Judge

14

Brown of the Luzerne County Court of Common Pleas to the complaint for actions related to their judicial duties, such as conduct during trial and on appeal, the issuance of warrants, and sentencing.  (Doc. 1, pp. 4-5); (Doc. 7, pp. 1); (Doc. 8, pp. 1-2); (Doc. 9, p. 2); (Doc. 10, p. 4).  However, these Defendants are immune from suit.  See Dennis v. Sparks, 449 U.S. 24, 27 (1980) (holding that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities").  "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Mireles v. Waco, 502 U.S. 9 (1991).  Accordingly, these Defendants will be dismissed with prejudice.

### 2.  Attorneys Matthew Kelly, Charles Ross, and Mark Singer

Additionally, Plaintiff wishes to name his court-appointed attorney Matthew Kelly, and Charles Ross and Mark Singer of the Luzerne County Public Defender's Office to his lawsuit for, inter alia, allegedly conspiring to violate his appeal rights and for abandoning Plaintiff during the alleged entrapment.  (Doc. 1, pp. 4-5); (Doc. 7, p. 1); (Doc. 8, p. 1); (Doc. 9, p. 2).  But, these defendants are immune from civil liability.  See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (determining that a public defender is immune from suit "when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding" because he/she is not acting under the color of state law), abrogated on other grounds by, D.R. ex rel. L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992); Black v. Bayer, 672 F.2d 309, 317 (3d Cir. 1982) ("We therefore hold that court-appointed counsel are absolutely immune from civil liability under § 1983."), cert. denied by, Stoica v. Stewart, 459 U.S. 916 (1982).  When liability is premised on counsel's actions or inactions in connection with performing traditional functions as defense counsel, even if he was so neglectful that his representation amounted to no representation at all, counsel is not acting under color of state law.  See Santos v. Sec'y of D.H.S., 2013 U.S. App. LEXIS 8299, *7-8 (3d Cir. 2013) (affirming dismissal of the section 1983 claims against the plaintiff's court-appointed attorney "because she is not a state actor and is thus not a proper defendant under § 1983"); Allam v. Moulton, 2011 U.S. Dist. LEXIS 46842, *3-4 (M.D. Pa. 2011) (Caldwell, J.) (dismissing the section 1983 complaint after review under 28 U.S.C. § 1915(e)(2)(B) because the defendant, counsel for the plaintiff in criminal proceedings before the juvenile court, was not a state actor); Reynolds v. Kosik, 2007 U.S. Dist. LEXIS 6821, *8 (M.D. Pa. 2007) (McClure, J.) (dismissing the plaintiff's civil rights complaint against his criminal defense attorneys for their alleged ineffectiveness because

"defenders and court appointed counsel do not act under color of law for purposes of federal civil rights litigation when performing a traditional lawyer's functions to a defendant in a criminal proceeding"); see also Kontaxes v. Connors, 2012 U.S. Dist. LEXIS 183470, *6-8 (W.D. Pa. 2012). Therefore, these Defendants will also be dismissed with prejudice.

### 3. Luzerne County District Attorney's Office

Pursuant to his letter filed September 8, 2014, Plaintiff seeks leave to amend his complaint to add the Luzerne County District Attorney's Office as a defendant for alleged "prosecutory misconduct after a court date August 7, 2014," when he asked the trial court to vacate his conviction in case number 2713-2011 based on the use of the victim in the case as a confidential informant in two (2) pending criminal cases against Plaintiff at 117-2012 and 2553-2012. (Doc. 6). While his letter does not name a particular attorney, he attaches a copy of the court sheet from that proceeding on which he has circled the name of the Commonwealth's attorney, which appears to be "F. McCabe." (Id.). In his submission on September 11, 2014, Plaintiff alleges malicious prosecution by Stephanie Salavantis, F. McCabe, and Mary Phillips of the Luzerne County District Attorney's Office following his court appearance on August 7, 2014. (Doc. 7).

To the extent Plaintiff seeks to name the Luzerne County District Attorney's

Office as a defendant, his request will be denied because it is not a "person" for purposes of section 1983 liability.  See Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007) (concluding that "the Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983") (citing Reitz v. Cnty. of Bucks, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability")); Lasko v. Leechburg Police Dep't, 2013 U.S. Dist. LEXIS 76537, *11 (W.D. Pa. 2013) (dismissing with prejudice the claims against the District Attorney's Office because it is not a "person" for purposes of § 1983 liability).  Moreover, Plaintiff has failed to claim that the alleged constitutional violation following the August 7, 2014, hearing was the result of a municipal custom or policy.  See Briggs, 251 F. App'x at 79 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978)); Burton v. Russel, 1992 U.S. Dist. LEXIS 7190 (E.D. Pa. 1992) (dismissing the complaint against the District Attorney's Office as frivolous because it failed to allege "that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments") (citing Monell, 436 U.S. 658).

Further, "[s]tate prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions."  Moore v. Middlesex Cnty. Prosecutors Office, 503 F. App'x 108, 109 (3d Cir. 2012) (citing

Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). "Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." Yarris v. Cnty. of Del., 465 F.3d 129, 136 (3d Cir. 2006). A "prosecutor's absolute immunity continues into the post-conviction relief context, 'where the prosecutor is personally involved . . . and continues his role as advocate.'" Darby v. Geiger, 441 F. App'x 840, 842 (3d Cir. 2011) (citing Yarris, 465 F.3d at 137). "Prosecutorial immunity applies even when the prosecutor acted willfully, maliciously, or in bad faith." Nguyen Vu v. City of Phila., 2012 U.S. Dist. LEXIS 50697, *22 (E.D. Pa. 2012) (citing Imbler, 424 U.S. at 428-29). Plaintiff's apparent attempt to establish liability against "F. McCabe" by circling his/her name on the court sheet, and his allegations that Stephanie Salavantis, F. McCabe, and Mary Phillips committed an "abuse in decision to prosecute after court date held August 7, 2014," are barred by the doctrine of absolute immunity because their alleged conduct arose in the course of their representation of the Commonwealth at/after a hearing on August 7, 2014. See Benchoff v. Fogal, 2014 U.S. Dist. LEXIS 109084, *28-29 (M.D. Pa. 2014) (Kane, J.) (finding that the prosecutor was entitled to absolute immunity because the alleged misconduct, in representing the government to oppose the plaintiff's

19

PCRA petition, arose pursuant to the defendant's prosecutorial role as advocate for the government); <u>Stankowski v. Farley</u>, 487 F. Supp. 2d 543, 551-52 (M.D. Pa. 2007) (Munley, J.) (determining that a prosecutor enjoys absolute immunity for conduct "intimately associated with the judicial phase of the criminal process," such as "initiating and pursuing a criminal prosecution"); <u>Byrd v. Parris</u>, 1999 U.S. Dist. LEXIS 15957, *11-12 (E.D. Pa. 1999) (finding the plaintiff's allegations against the state prosecutors for allegedly "'imped[ing] and obstruct[ing] justice' while participating in several stages of his trial and appeal, [and] fail[ing] to adequately respond to a criminal complaint he filed complaining of his murder conviction were "barred by the doctrine of absolute prosecutorial immunity").  Accordingly, Plaintiff's claims against the Luzerne County District Attorney's Office, Stephanie Salavantis, F. McCabe, and Mary Phillips will be dismissed with prejudice.

### **4.  Luzerne County Clerk of Court**

Plaintiff also appears to name the Luzerne County Clerk of Court as a Defendant.  (Doc. 8, p. 1).  Specifically, Plaintiff alleges that the Luzerne County Clerk of Court withheld exculpatory evidence "which was requested by [P]laintiff and ordered by to be forwarded by said judge but never ever was forwarded to [P]laintiff."  (<u>Id.</u>).

This Court notes that "judicial immunity may extend to professionals who assist courts in their judicial function." Trader v. R.S., 2011 U.S. Dist. LEXIS 47324, *27 (E.D. Pa. 2011).  "It has long been the rule that '[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Trader v. R.S., 2011 U.S. Dist. LEXIS 47324, *27-28.  "[C]ourts in this Circuit and others continue to extend quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in the management of a court's docket." Id. at *30; see Jarvis v. D'Andrea, 2015 U.S. Dist. LEXIS 2670, *6 (M.D. Pa. Jan. 9, 2015) (Kane, J.) (finding that if a Bivens claim against former Clerk of Court for the United States District Court for the Middle District  had proceeded under section 1983 defendant would have been entitled to immunity).

To the extent that Plaintiff is asserting a claim against the Luzerne County Clerk of Court, Plaintiff's claim will be dismissed with prejudice as a result of Defendant Luzerne County Clerk of Court having immunity.

### 5. "Dailey Reporting Center"[5] and "owner of the Crossing Over Program Casey only known name"[6]

Plaintiff also names the "Dailey Reporting Center" and "the owner of Crossing Over Program" as Defendants.  According to Plaintiff, he was unconstitutionally placed in the "Dailey Reporting Center" as part of the conspiracy to entrap Plaintiff, which resulted in criminal charges being filed against him in case 2553-2012.  (Doc. 1, p. 5).  In regards to "the owner of the Crossing Over Program," Plaintiff alleges that while incarcerated at the "Crossing Over Program" his property was seized and lost.  (Id. at p. 4).

Plaintiff does not allege sufficient facts to establish that these companies are persons acting under color of state law, a requirement for a section 1983 action. Compare Kelly v. N.J. Dep't of Corr., 2012 U.S. Dist. LEXIS 175667, *16-17 (D.N.J. 2012) ("Federal courts are split on the question whether organizations that operate halfway houses, and their employees, are state actors for purposes of §

_____

5.  Jim Casey is the owner of Crossing Over, a privately owned day-reporting facility that offers inmates at the Luzerne County Correctional Facility rehabilitation services.  See http://citizensvoice.com/news/halfway-house-seeks-w -b-approval-1.686226.

6.  Presumably Plaintiff is referring to the Luzerne County Day Reporting Center, which is a county re-entry program operated by a private corporation.  See http://www.luzernecounty.org/uploads/images/assets/county/county-manager/ Division%20of%20Corrections.pdf.

1983."), with Irons v. Transcor Am., Inc., 2006 U.S. Dist. LEXIS 9685, *10 (E.D. Pa. 2006) ("The Supreme Court has assumed that prisoners in privately run prisons can bring § 1983 actions against the prison companies and their employees.") (citing Corr. Serv. Corp. v. Malesko, 534 U.S. 61, 71 n.5 (2001)). Consequently, the "Crossing Over Program" and the "Dailey Reporting Center" will be dismissed because they are not Defendants acting under the color of state law pursuant to section 1983.

Additionally, even if these Defendants were found to be acting under the color of state law, as discussed in more detail below, the claims against these Defendants will be dismissed on other grounds.

### B.    Remaining Claims

After dismissal of the foregoing Defendants, Plaintiff's remaining claims are as follows: (1) habeas corpus; (2) entrapment; (3) conspiracy to entrap; (4) lost property; (5) violation of constitutional right to due process, equal protection and a fair trial when bail was used as a form of punishment; (6) unconstitutional placement in the "Dailey Reporting Center;" (7) Brady violations; (8) selective prosecution; (9) malicious prosecution; (10) false imprisonment; (11) official oppression; (12) subornation to perjury; and (13) a claim pursuant to 42 U.S.C. § 1985.

### 1.    Habeas Corpus

Although a writ of habeas corpus is not explicitly raised in Plaintiff's

filings, this Court construes the portions of his complaint, and supplements,

requesting that he be "restored his civil liberty" and seeking "relief from false

imprisonment from illegal conviction and deprivation of [his] federal

constitutional rights," as a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Specifically, Plaintiff's section 2254 claim will be construed as a challenge to his

conviction and sentence in case number 2713-2011.  Johnson, CP-40-CR-

0002713-2011.

A person in state custody may file an application for a writ of habeas corpus

challenging the fact or length of his confinement under section 2254.  28 U.S.C. §

2254.  "Congress has determined that habeas corpus is the appropriate remedy for

state prisoners attacking the validity of the fact or length of their confinement, and

that specific determination must override the general terms of § 1983."  Preiser v.

Rodriguez, 411 U.S. 475, 490, 499 (1973) (determining that challenges to the fact

or duration of physical confinement, or seeking an immediate or speedier release

from that confinement is the heart of habeas corpus); Leamer v. Fauver, 288 F.3d

532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of

confinement such that a finding in plaintiff's favor would not alter his sentence or

undo his conviction, an action under § 1983 is appropriate").

To the extent Plaintiff is raising a habeas corpus claim pursuant to section 2254, it will be dismissed without prejudice.  Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 U.S. Dist. LEXIS 19064, 2007 WL 846559 *2 (M.D. Pa. 2007) (Kosik, J.).  Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . .

Gorko v. Holt, 2005 U.S. Dist. LEXIS 46244, 2005 WL 1138479 *1 (M.D. Pa. 2005) (McClure, J.) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."  Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992).  The test for federal

court abstention under <u>Younger</u> is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." <u>Port Auth. Police Benevolent Assoc., Inc.</u>, 973 F.2d at 173.  Exceptions to <u>Younger</u> may be made upon a showing of "bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." <u>Keith v. Fogal</u>, 2012 U.S. Dist. LEXIS 33554, *4 n.2 (quoting <u>Port Auth. Police Benevolent Assoc., Inc.</u>, 973 F.2d at 173). "However, it is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified." <u>Keith</u>, 2012 U.S. Dist. LEXIS 33554, *4 n.2 (citing <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 482 (1965)).  "Indeed, '[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evidence than in the case of pending criminal proceedings.'" <u>Id.</u> (quoting <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1234 (3d Cir. 1992)).  "It has have been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended 'to argue state law issues pre-trial in a federal forum.'" <u>Id.</u> (quoting <u>Green v. Commonwealth of Pa.</u>, 1993 U.S. Dist. LEXIS 8735, *3 (E.D. Pa. 1993)).

First, there are ongoing criminal cases in three (3) of the four (4) Luzerne

County cases discussed above, two are pending trial and the third is on appeal to

the Pennsylvania Superior Court.[7]  Specifically, Plaintiff's criminal case at 2713-

2011 has been directly appealed, and is currently pending before Pennsylvania

Superior Court.  Commonwealth v. Johnson, 2119 MDA 2013.  Second, the

proceedings implicate the state's important interest in enforcing its own criminal

laws.  See James v. Superior Court, 2008 U.S. Dist. LEXIS 60441, *26 (D.N.J.

2008) (finding that "the fact that the plaintiff is attempting to raise issues

concerning the validity of his arrest and his potential defense of entrapment, these

pending criminal proceedings clearly implicate important state interests").  Third,

Plaintiff will have an adequate opportunity to raise his claims in the state courts, in

pre-trial and post-trial motions, on direct appeal, and, "if convicted, he may

challenge his conviction in federal court via a petition of habeas corpus after

exhausting his state remedies."  See Dutton-Myrie, 2010 U.S. Dist. LEXIS 36759,

*11-12 (finding that the Younger requirements were met and dismissing the

plaintiff's claims of an unlawful search and conspiracy).

    Consequently, to the extent Plaintiff asks to be "restored his civil liberty"

---

7.  Plaintiff's only allegations regarding the fourth case, case number 2193-2010, are against Judge Augello and Matthew Kelly, Esquire, for allegedly conspiring to violate his appeal rights.  However, these Defendants are absolutely immune from civil liability in this regard.

and seeks "relief from false imprisonment from illegal conviction and deprivation

of [his] federal constitutional rights" regarding his criminal case at 2713-2011, his

habeas corpus claim pursuant to section 2254 is dismissed without prejudice.  <u>See</u>

<u>Smith v. Julio</u>, 2014 U.S. Dist. LEXIS 57095 (M.D. Pa. 2014) (Kane, J.)

(dismissing without prejudice the habeas petition challenging "confinement on

grounds including unlawful search and seizure, fraudulent arrest, entrapment, and

improper denial of bail" based on the <u>Younger</u> abstention doctrine); <u>James</u>, 2008

U.S. Dist. LEXIS 60441, *25 (determining that the "plaintiff's attempt to allege

that he might be convicted after being unduly entrapped to commit the offense he

otherwise would not have committed ... should be dismissed pursuant to the

abstention doctrine").

**2.**     **Section 1983 Claims**

**a.**     **Non-Cognizable Claims Under Section 1983**

**i.**     **Entrapment**

Plaintiff seeks damages as a result of the alleged entrapment executed by

Defendants Walter Koehler, Christopher O'Brien, and Christopher Lamb during

an undercover investigation on May 31, 2012, which resulted in Plaintiff being

criminally prosecuted in case number 2553-2012.  (Doc. 1, p. 2).  Plaintiff also

alleges that the "Dailey Reporting Center" conspired to entrap Plaintiff in case

28

number 2553-2012.  (Id. at  p. 5).

"While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation."  Jones v. Bombeck, 375 F.2d 737, 738 (3d Cir. 1967); Mills v. City of Harrisburg, 589 F. Supp. 2d 544, 553 n.4 (M.D. Pa. 2008) (Conner, J.) (stating that "entrapment is not a cognizable constitutional violation under § 1983"); see Gaskins v. 17 Officers, 2009 U.S. Dist. LEXIS 112756, *17-18 (D.N.J. 2009) (concluding that the entrapment claim presented by the plaintiff, which alleged that the police participated in an unlawful drug sale, was "not of a constitutional dimension," and dismissing it for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).  Accord Brown v. Butler, 1989 U.S. Dist. LEXIS 8571 (E.D. Pa. 1989) ("Entrapment may violate an individual's substantive due process rights if it is sufficiently outrageous in form.") (citing United States v. Twigg, 588 F.2d 373, 378-79 (3d Cir. 1978)).  Likewise, Plaintiff's allegation that the "Dailey Reporting Center" conspired to entrap Plaintiff is not of a constitutional dimension.  Jones, 375 F.2d at 738; Mills, 589 F. Supp. 2d at 553 n.4.

Regardless, Plaintiff's entrapment claims regarding his ongoing criminal case at case number 2553-2012 are barred by Younger.  See James v. Superior

Court, 2008 U.S. Dist. LEXIS 60441, *25-27 (D.N.J. 2008) (finding that the "the plaintiff's attempt to allege that he might be convicted after being unduly entrapped to commit the offense he otherwise would not have committed" should be dismissed pursuant to <u>Younger</u> abstention); <u>see also</u> <u>Helt v. Trainer Police Dep't K9</u>, 2005 U.S. Dist. LEXIS 7293, *9-10 (E.D. Pa. 2005) (holding that the plaintiff's section 1983 claim that a juvenile informant was used to entrap him was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)).  Out of an abundance of caution, these entrapment claims will be dismissed without prejudice.

## ii.    **Lost Property**

Plaintiff's allegations that his money was seized and lost by the "Crossing Over Program" is not actionable under 42 U.S.C. § 1983.  <u>See</u> <u>Tate v. Neal</u>, 1996 U.S. Dist. LEXIS 3438 (E.D. Pa. 1996) (dismissing the complaint on screening because the plaintiff had an adequate post-deprivation remedy to address his claim that the undercover officer seized his property and failed to return it).  The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss.  <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Parratt v. Taylor</u>, 451 U.S. 527, 530 (1981).  The United States Court of Appeals for the Third Circuit has "held that the prison's grievance program and

internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knauer, 321 F. App'x. 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)).  See also Miller v. DiGuglielmo, 2010 U.S. Dist. LEXIS 127096, 28-29 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy'") (citing Griffin-El v. Beard, 2010 U.S. Dist. LEXIS 42453, *21-22 (E.D. Pa. 2010).  Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action.  See Crosby v. Piazza, 2012 U.S. App. LEXIS 4084, *8 (3d Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 U.S. Dist. LEXIS 60020, *21-22 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa. C.S.A. § 8522(a), (b)(3).  Thus, since Plaintiff's claim that his money was seized and lost by the "Crossing Over Program" is not actionable under 42 U.S.C. § 1983, it will be dismissed with prejudice.

### iii.    Brady Violations

Although advanced as a section 1983 claim, Plaintiff's allegations regarding the violations of Brady v. Maryland, 373 U.S. 83 (1963), that allegedly occurred in relation to Plaintiff's criminal case at 2553-2012 will be construed as a pre-trial writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 9, p. 2); see Skinner v. Switzer, 131 S. Ct. 1289, 1300 (2011) ("Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983.") (citations omitted).  Plaintiff alleges that Defendants violated Brady when they withheld exculpatory evidence, the identity of the confidential informant in case number 2553-2012, and that confidential informant's criminal history.  (Doc. 9, p. 2).

"Although '[f]or state prisoners, federal habeas corpus is substantially a post-conviction remedy' brought pursuant to 28 U.S.C. 2254," section 2241 provides "federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances."  Breakiron v. Wetzel, 2015 U.S. Dist. LEXIS 12589, *17-18 (W.D. Pa. Feb. 3, 2015) (citation omitted).  "Jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."  DeYoung, 515 F.2d at 443; see also, Calihan, 158 F. App'x. 807(absent special circumstances, "[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas

challenges).

Here, Plaintiff is still awaiting trial in case number 2553-2012.  Johnson, CP-40-CR-0002553-2012.  Thus, extraordinary circumstances must exist for this Court to exercise jurisdiction over pre-conviction habeas challenges regarding Plaintiff's criminal case at 2553-2012.  However, extraordinary circumstances do not exist in this matter.  Azille v. Pennsylvania, 2014 U.S. Dist. LEXIS 61421, *7 (E.D. Pa. 2014) ("discovery disputes do not constitute the type of extraordinary circumstances that warrant federal intervention in state pretrial proceedings.") (citing Lodono-Calle v. Holder, 2011 U.S. Dist. LEXIS 114217 (W.D.N.Y. 2011))), adopted by, 2014 U.S. Dist. LEXIS 60427 (E.D. Pa. 2014).  Furthermore, since Plaintiff is still awaiting trial in case number 2553-2012, adequate state court review remains available to Plaintiff "at trial and thereafter, on appellate review." DeYoung, 515 F.2d at 445.

Thus, to the extent that Plaintiff advances a writ of habeas corpus claim pursuant to section 2241 based upon alleged Brady violations it will be dismissed without prejudice.

### iv.    Official Oppression

Plaintiff alleges that "[a]ll defendants in this 1983 claim conspired with each other and committed official oppression...."  (Doc. 9, p. 2).  "Official

Oppression" is a criminal offense under Pennsylvania law,[8] "the violation of which does not provide a basis for bringing a claim under § 1983." Tighe v. Purchase, 2014 U.S. Dist. LEXIS 91424, *27 n.8 (W.D. Pa. 2014) (citation omitted).  To the extent Plaintiff attempts to assert an official oppression claim pursuant to section 1983, such a claim is dismissed with prejudice.

### B.   Potentially Cognizable Section 1983 Claims for Monetary Damages

### i.   Selective Prosecution/Enforcement

Plaintiff argues that his right to equal protection under the Fourteenth Amendment to the United States Constitution was violated when Plaintiff was selectively prosecuted in case number 2553-2012, while the confidential information, Justin Barna, was not charged.  (Doc. 9, p. 2).  Further, in support of his selective prosecution claim, Plaintiff alleges that Barna, the "unwitting go between," was not prosecuted in case number "137-2012," while Terrill Mattox, the defendant in case number "137-2012," was prosecuted.  (Id. at pp. 2, 8-9).

Although Plaintiff has styled this claim as one arising from "selective prosecution," it is unclear whether he is intending to plead a claim of "selective enforcement."  (Doc. 9, p. 2); (Doc. 10, p. 4).  "As we have held, 'the two are

---

8. See 18 PA. CON. STAT. § 5301.

different Fourteenth Amendment claims,' [(citation omitted)], and when a

plaintiff's grievance is directed solely at police misconduct, the claim should be

for selective enforcement." Davis, 451 F. App'x at 234 n.11 (citing Hill v. City of

Scranton, 411 F.3d 118, 125 (3d Cir. 2005)). "[I]n a case of selective-enforcement

we will no longer require that the complainant have been convicted and have had

that conviction reversed, expunged or invalidated." Dique v. N.J. State Police,

603 F.3d 181, 188 (3d Cir. 2010). "If we were to do so, we would be putting the

complainant in the 'bizarre extension of Heck' where the cause of action might

never accrue if there were no prosecution or if there were a dismissal or an

acquittal." Id. However, "[s]hould the unlawful selective enforcement result in

the subject being detained, the applicable claim becomes one for selective

prosecution." Kirkland v. Morgievich, 2008 U.S. Dist. LEXIS 101472, *24

(D.N.J. 2008). Therefore, to the extent that Plaintiff is attempting to plead a claim

of selective enforcement, since he was detained and charged in case number 2553-

2012 his claim will be construed as one for selective prosecution.

To the extent Plaintiff attempts to establish a claim for selective prosecution

on the basis of charges filed against Terrill Mattox in case number "137-2012,"

Plaintiff is without standing to raise such challenges. See Whitmore v. Arkansas,

495 U.S. 149, 154-155 (1990); Steel Co. v. Citizens for Better Environment, 523

U.S. 83, 102-03 (1998); <u>John v. Camden Cnty. Prosecutors Office</u>, 2014 U.S. Dist.

LEXIS 3165, *15 n.7 (D.N.J. 2014) (citations omitted).  Thus, the sole selective

prosecution claim to which Plaintiff's standing is clear is based on his allegations

that he was criminally charged in case number 2553-2012, but Barna, the

confidential informant in case number 2553-2012, was not charged.  (Doc. 9, p. 2);

(Doc. 10, pp. 2-4).

The United States Court of Appeals for the Third Circuit has stated that

selective prosecution is:

> is a form of discriminatory law enforcement that has been held
> to violate the Equal Protection Clause of the Fourteenth
> Amendment since <u>Yick Wo v. Hopkins</u>, 118 U.S. 356 (1886),
> which held officials liable for "illegal discrimination" when
> they "applied and administered" a facially neutral law "with an
> evil eye and an unequal hand."

<u>Davis v. Malitzki</u>, 451 F. App'x 228, 234 (3d Cir. 2011).  To bring a successful

selective prosecution claim, Plaintiff must prove: (1) that persons similarly

situated were not prosecuted; and (2) that the decision to prosecute was made on

the basis of an unjustifiable standard, such as race, religion or "some other

arbitrary factor."  <u>Davis</u>, 451 F. App'x at 234 (quoting <u>United States v.</u>

<u>Schoolcraft</u>, 879 F.2d 64, 68 (3d Cir. 1989)).  "A defendant-official, to obtain

qualified immunity, must show his conduct was 'objectively reasonable' under

36

Equal Protection Clause doctrines." <u>Davis</u>, 451 F. App'x at 234.

Here, Plaintiff is asserting a claim of selective prosecution regarding his ongoing state case at 2553-2012. <u>Johnson</u>, No. CP-40-CR-0002553-2012. Accepting the truth of all factual allegations in the complaint, Plaintiff's claim for selective prosecution fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To bring a claim of selective prosecution Plaintiff must prove that he was "treated differently from other similarly situated individuals." <u>Dombrosky v. Stewart</u>, 555 F. App'x 195, 197 (3d Cir. 2014) (citing <u>Dique</u>, 603 F.3d at 188). "Persons are similarly situated under the Equal Protection Clause when they are alike in 'all relevant respects.'" <u>Startzell v. City of Philadelphia</u>, 533 F.3d 183, 203 (3d Cir. 2008) (quoting <u>Nordlinger v. Hahn</u>, 505 U.S. 1, 10 (1992)).

Plaintiff has alleged that Barna, the alleged other similarly situated individual, was a confidential informant for law enforcement in Plaintiff's criminal case at 2553-2012. (Doc. 9, p. 2); (Doc. 10, pp. 2-4). Plaintiff's allegations, taken as true, preclude a finding that Barna is similarly situated with Plaintiff. <u>See United States v. Rhines</u>, 143 F. App'x 478, 481 (3d Cir. 2005) (finding that defendant was not similarly situated with a state court defendant because state court defendant was cooperating with law enforcement officials while defendant

was not); <u>United States v. Salahuddin</u>, 2012 U.S. Dist. LEXIS 100296, *89 (D.N.J. 2012) (finding that third party who was working with law enforcement was not similarly situated with defendant who was not). Consequently, taking the allegations in Plaintiff's complaint as true, Plaintiff fails to state a claim of selective prosecution on which relief may be granted. Therefore, Plaintiff's selective prosecution claim will be dismissed with prejudice. Consequently, Plaintiff's claim of selective prosecution will be dismissed with prejudice.

## ii. Malicious Prosecution

Plaintiff asserts a claim of malicious prosecution. (Doc. 7, p. 1). To establish a malicious prosecution claim under section 1983 Plaintiff must show:

> (1) the [D]efendants initiated a criminal proceeding; (2) the criminal proceeding ended in [Plaintiff's] favor; (3) the proceeding was initiated without probable cause; (4) the [D]efendants acted maliciously or for a purpose other than bringing [Plaintiff] to justice; and (5) [Plaintiff] suffered deprivation of liberty interest consistent with the concept of seizure as a consequence of a legal proceeding.

<u>Carney v. Pennsauken Twp. Police Dep't</u>, 2015 U.S. App. LEXIS 1010, *5-6 (3d Cir. 2015) (quoting <u>Estate of Smith v. Marasco</u>, 318 F.3d 497, 521 (3d Cir. 2003)). Plaintiff's malicious prosecution claim fails to state a claim on which relief can be granted. Specifically, Plaintiff has failed to show that any of the four (4) criminal proceedings at issue here have ended in his favor. First, of the four (4) criminal

matters at issue, three (3) are still ongoing.  <u>Johnson</u>, No. CP-40-CR-2553-2012;

<u>Johnson</u>, No. CP-40-CR-117-2012; <u>Johnson</u>, No. CP-40-CR-2713-2011 (appeal

pending in <u>Johnson</u>, 2119 MDA 2013).  Second, the fourth criminal proceeding,

case number 2193-2010, did not end in Plaintiff's favor.  <u>Johnson</u>, No. CP-40-CR-

0002193-2010.  As a result, Plaintiff's claim for malicious prosecution will be

dismissed without prejudice for failure to state a claim upon which relief may be

granted.

### iii.    False Imprisonment

Plaintiff advances a section 1983 claim based upon his alleged false

imprisonment.  (Doc. 7, p. 1).  This Court construes Plaintiff's false imprisonment

claim, in part, as a challenge to his conviction and sentence in case number 2713-

2011.  (<u>Id.</u>).  In case number 2713-2011, Plaintiff was convicted of two counts of

Aggravated Assault and sentenced on October 11, 2013, by the Honorable Fred

Pierantoni to not less than sixty-six (66) months imprisonment to not more than

one hundred fifty-six (156) months.  <u>Johnson</u>, No. CP-40-CR-2713-2011.  Judge

Pierantoni also imposed five (5) years probation.  <u>Id.</u>  Plaintiff filed a timely direct

appeal, which is pending before the Pennsylvania Superior Court.  <u>Johnson</u>, 2119

MDA 2013.

Plaintiff's false imprisonment claim seeks relief for:

> illegal conviction and deprivation of [his] federal constitutional
> rights and seeks compensation from all the time taken away
> from [him] that [he] had to spend in jail and have been
> spanding [(sic)] serving [five] 5 and a half minimum to
> [thirteen] 13 years state sentence with [five] 5 years special
> probation followed with [two] 2 cases still open in [triple]
> jeopardy against [his] federal constitutional rights and [he]
> seeks no less than [one] 1 million dollars to be compensated
> from such hate crime that has been against [him] and attacks of
> [his] dignity as [an] American Citizen.

(Doc. 7, p. 1).  First, these allegations regarding 2713-2011 are not analogous to a

claim for false imprisonment.  As his complaint and supplements make clear, the

confinement complained of arises from Plaintiff's conviction and sentence in

2713-2011.  (Doc. 7, p. 1).  "Although plaintiff is making a money damages claim,

it 'ultimately attacks the "core of habeas,"' that is, the fact or length of his

sentence."  McSpadden v. Wolfe, 2008 U.S. Dist. LEXIS 26419, *19 (E.D. Pa.

2008) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)).  As

discussed above, Plaintiff's habeas claims will be dismissed without prejudice.

To the extent that Plaintiff is advancing a claim seeking damages for an

allegedly unconstitutional conviction or imprisonment, or for other harm caused

by actions whose unlawfulness would render a conviction or sentence invalid, in

case number 2713-2011, Plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-87.  A claim for damages bearing that relationship to a conviction or sentence that has not been invalided is not cognizable under section 1983.  Id.  As stated above, 2713-2011 is currently pending on appeal.  Commonwealth v. Johnson, 2119 MDA 2013.  Therefore, Plaintiff's failure to prove that his conviction and sentence in 2713-2011 has been invalidated pursuant to Heck requires that his false imprisonment claim regarding his conviction and sentence in 2713-2011 be barred by Heck.

To the extent that Plaintiff advances a false imprisonment claim regarding his confinement without probable cause prior to being held pursuant to legal process in 2713-2011, his claim is also barred.  "Claims of false arrest and false imprisonment under the Fourth Amendment require the plaintiff to show that he or she was arrested without probable cause."  Mills v. City of Harrisburg, 589 F. Supp. 2d 544, 553 n.4 (M.D. Pa. 2008) (Conner, J.) (citing Groman, 47 F.3d at 634-35).  "Probable cause to arrest requires 'proof of facts and circumstances that would convince a reasonable, honest' officer that the person arrested has committed a crime."  Id. (quoting Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993)).  "Thus, the issue is not whether an individual actually committed the

crimes for which he or she was arrested, but whether the police had probable cause to believe that the individual committed those crimes at the time of his or her arrest." Mills, 589 F. Supp. 2d at 553 n.4 (citations omitted).  The statue of limitations begins to run in false imprisonment claims "once the victim becomes held pursuant to [legal] process-when for example, he is bound over by a magistrate or arraigned on charges." Heilman v. T.W. Ponessa and Assocs., 2008 U.S. Dist. LEXIS 6875, *14 (M.D. Pa. 2008) (Jones, J.) (quoting Wallace v. Kato, 549 U.S. 384, 389 (2007)).

"Although the statute of limitations is an affirmative defense, see FED R. CIV. P. 8(c), if it is obvious from the face of the complaint that a claim is barred by the applicable statute of limitations and no development of the record is necessary, a court may dismiss the claim sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii)." Harper v. Dinella, 589 F. App'x 67, 69 n.1 (3d Cir. Jan. 21, 2015) (citing Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 2158 (10th Cir. 2006); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

In case number 2713-2011, Plaintiff's bail was set on August 22, 2011, and on September 7, 2011, his charges were held for court. Johnson, CP-40-CR-0002713-2011.  Thus, Plaintiff was held pursuant to legal process on the date bail was set, August 22, 2011.  Therefore, in regards to case number 2713-2011, the

statute of limitations began to run on his claim for false imprisonment on August 22, 2011.  Thomas-Warner v. City of Phila., 2011 U.S. Dist. LEXIS 146029, *17 (E.D. Pa. 2011); see Heilman, 2008 U.S. Dist. LEXIS 6875, *14 (citation omitted); see also PA. R. CRIM. P. 540(F)(3).  Thus, Plaintiff was required to file his false imprisonment claim by August 22, 2013.  While Plaintiff filed his complaint on July 31, 2014, (Doc. 1), he did not raise a claim of false imprisonment until September 11, 2014. (Doc. 7, p. 1).  Using either filing date, Plaintiff's false imprisonment claim is barred by the two-year (2) statute of limitations period.

While it appears that Defendant is advancing his false imprisonment claim solely for case number 2713-2011, it is unclear whether Plaintiff also intends to bring a false imprisonment claim for the remaining cases at issue.  To the extent that Plaintiff advances a false imprisonment claim for damages regarding case numbers 2193-2010, 117-2012, and 2553-2012, these claims are likewise barred by the two-year (2) statute of limitations.

In case number 2193-2010, Plaintiff's charge was held for court on July 20, 2010, and he was arraigned on October 1, 2010.  Johnson, No. CP-40-CR-0002193-2010.  Thus, October 1, 2010, is the latest possible date that the statute of limitations began to run on his claim for false imprisonment regarding case number 2193-2010, which required Plaintiff to file his false imprisonment claim

for case number 2193-2010 on or before October 1, 2012. Plaintiff failed to file his claim of false imprisonment regarding case number 2193-2010 prior to the expiration of the two-year (2) statute of limitations, and thus, is barred.

In case number 117-2012, Plaintiff's bail was set on December 6, 2011, and on January 5, 2012, his charges were waived for court. <u>Johnson</u>, No. CP-40-CR-0000117-2012. Thus, the statute of limitations for Plaintiff's false imprisonment claim began to run for case number 117-2012 on December 6, 2011, which required Plaintiff to file this claim on or before December 6, 2013. <u>Thomas-Warner</u>, 2011 U.S. Dist. LEXIS 146029, *17; <u>see</u> PA. R. CRIM. P. 540(F)(3). As stated above, the earliest date Plaintiff can rely on for statute of limitations purposes is the filing of his complaint on July 31, 2014. (Doc. 1). Even assuming that July 31, 2014, is the relevant date for this analysis, Plaintiff's false imprisonment claim for 117-2012 is barred by the two (2) year statute of limitations.

In case number 2553-2012, Plaintiff's bail was set on May 31, 2012, and his charges were waived for Court on July 18, 2012. <u>Johnson</u>, No. CP-40-CR-0002553-2012. Thus, the statute of limitations for Plaintiff's false imprisonment claim regarding case number 2553-2012 began to run on May 31, 2012, which required Plaintiff to file this claim on or before May 31, 2014. <u>Thomas-Warner</u>,

2011 U.S. Dist. LEXIS 146029, *17; see PA. R. CRIM. P. 540(F)(3).  As stated above, the earliest date Plaintiff can rely on for statute of limitations purposes is the filing of his complaint on July 31, 2014.  (Doc. 1).  Even assuming that July 31, 2014, is the relevant date for this analysis, Plaintiff's false imprisonment claim regarding 2553-2012 is barred by the two (2) year statute of limitations.

As a result of being barred by the two (2) year statute of limitations, Plaintiff's false imprisonment claims will be dismissed with prejudice.

### 3.   Other Claims

#### a.   Bail

Plaintiff claims that his constitutional rights to due process, equal protection, and a fair trial were violated when bail was "used as punishment" on April 26, 2013.  (Doc. 1, p. 5).  "In order to prevail on his excessive bail claim, Plaintiff must demonstrate that (1) bail was excessive in light of the valid state interests sought to be protected and (2) the defendants actually and proximately caused bail to be excessive."  White v. Hamilton Twp. Police Dep't, 2014 U.S. Dist. LEXIS 118726, *6 (D.N.J. 2014).  "[W]hether bail is excessive can only be evaluated properly through the lens of the interests the State sought to protect by imposing such bail."  Id. at *7.

The bail violations are against Defendants who are absolutely immune from

suit.  See Rose v. Mahoning Twp., 2008 U.S. Dist. LEXIS 30743, *14-15 and n.2

(M.D. Pa. 2008) (Munley, J.) (finding that bail was not excessive and commenting

that "bail was set by the magistrate judge, not by any of the defendants, [and that

the] magistrate judge would be absolutely immune from damages for actions taken

in setting bail"); Santos v. Vasquez, 2006 U.S. Dist. LEXIS 24067, *8-9 (D.N.J.

2006) (determining that the judges were absolutely immune from liability as to the

allegations regarding bail and dismissing the complaint with prejudice pursuant to

28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2)).  Nevertheless, the bail claims

will be dismissed without prejudice.  See White, 2014 U.S. Dist. LEXIS 118726 at

*7 (dismissing the excessive bail claim without prejudice because the plaintiff

submitted "no evidence concerning the state court judge's decision-making

process, the factors he or she considered in making the bail determination, nor any

evidence of the State interests the judge took into account").

### b.    Unconstitutional Placement

Plaintiff also alleges that he was unconstitutionally placed in the "Dailey

Reporting Center" in furtherance of the conspiracy to entrap him in his case at

2553-2012.  (Doc. 1, p. 5).  As stated above, Plaintiff's case at 2553-2012 is still

ongoing.  Johnson, No. CP-40-CR-0002553-2012.  Thus, the three requirements

under Younger are met: (1) there is an ongoing state proceeding that is judicial in

nature; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise federal claims.  Ridge v. Campbell, 984 F. Supp. 2d 364, 374-75 (M.D. Pa. 2013) (Rambo, J.) (citing Anthony, 316 F.3d at 418).

Additionally, this claim is "subject to dismissal under section 1915(e)(2)(B) 'where it lacks an arguable basis in law or in fact.'"  Winn v. Dep't of Corr., 340 F. App's 757, 758 n.1 (3d Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  "This standard covers both 'inarguable legal conclusion[s]' and 'fanciful factual allegation[s].'"  Id. (quoting Neitzke, 490 U.S. at 325) (alterations in original).  "As such, courts are afforded authority to dismiss those claims whose factual allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.  Pavalone v. Univ. of Scranton, 2012 U.S. Dist. LEXIS 61990, *5-6 (M.D. Pa 2012) (Mannion, J.) (citing Neitzke, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)).  Here, Plaintiff appears to be alleging that a conspiracy was conceived to purposely place him in the "Dailey Reporting Center" in order for Defendants Walter Koehler, Christopher O'Brien, and Christopher Lamb to execute the alleged entrapment in case number 2553-2012.  (Doc. 1, p.5).  Such "fanciful factual allegations," which lack an arguable basis in fact, render his unconstitutional placement claim frivolous under section

47

1915(e)(2)(B)(i).  See Neitzke, 490 U.S. at 325.  As a result, this claim will be

dismissed without prejudice.

### c.   Subornation of Perjury

Plaintiff alleges that "[a]ll defendants" conspired to suborn perjury pursuant

to 18 U.S.C. § 1622.  (Doc. 9, p. 2).  Section 1622 states that one who "procures

another to commit any perjury is guilty of subornation of perjury, and shall be

fined under this title or imprisoned not more than five years, or both."  18 U.S.C. §

1622.  "[T]here is no private right of action for damages to enforce federal perjury

statutes."  James v. Superior Court, 2008 U.S. Dist. LEXIS 9012, *23-24 (D.N.J.

2008) (citations omitted).  As a result, Plaintiff's subornation of perjury claim will

be dismissed with prejudice.

### d.   Section 1985 Claim[9]

Plaintiff asserts a claim for monetary damages pursuant to 42 U.S.C. § 1985

against Defendants Walter Koehler, Christopher O'Brien, and Christopher Lamb.

(Doc. 10, pp. 2-3).  To state a claim under section 1985(3), Plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based

---

9.  Plaintiff cites to 18 U.S.C. § 241.  (Doc. 9, p. 2).  Section 241 is the criminal
counter part to 42 U.S.C. § 1985, and provides no private right of action under
these circumstances.  See Bray v. Alexandria Women's Health Clinic, 506 U.S.
263, 275 (1993); Colon-Montanez v. Pa. Healthcare Serv. Staffs, 530 F. App'x
115, 118 (3d Cir. 2013).

> discriminatory animus designed to deprive, directly or
> indirectly, any person or class of persons of the equal
> protection of the laws; (3) an act in furtherance of the
> conspiracy; and (4) an injury to person or property or the
> deprivation of any right or privilege of a citizen of the United
> States.

Kwasnik v. Leblon, 228 F. App'x 238, 244 (3d Cir. 2007) (citing Griffin v.

Breckenridge, 403 U.S. 88, 102-03 (1971)).

Plaintiff claims "[t]he event of May 31, 2012 is critical to (1) to recover

damages from persons who have conspired to interfere with those rights or

[privileges]." (Doc. 10, p. 2). Plaintiff also alleges that the May 31, 2012, event is

critical as to whether "the undercover operatives engaged in unfair tactics and

overreaching in violation of [the] due process clause...." (Id.). Plaintiff claims

that his equal protection rights were violated because:

> [k]nowledge of opposing parties, state troopers, and their
> participation in the event of May 31 2012 and utilizing
> allege[d] [victim] Justin Barna [in] case #2713-2011 as a
> confidential informant against plaintiff Armoni Masud Johnson
> [in] case#2553-2012 is violation of equal protection rights and
> brings light to fraud on behalf of all opposing parties....

(Id.). Plaintiff alleges that the use of Barna as the confidential informant in the

alleged conspiracy to entrap Plaintiff in 2553-2012 also violated his right to equal

protection and due process because, according to Plaintiff, Barna is "bias and

racist." (Id. at p. 3). Plaintiff claims that these facts support a 42 U.S.C. § 1985(3)

action.  (Doc. 10, pp. 2-3).

As noted above, to recover damages in section 1983 claims a plaintiff:

> must prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of
> habeas corpus[.]

Kennedy v. Brinkley, 2015 U.S. Dist. LEXIS 31722, *3 (E.D. Pa. Mar. 16, 2015)

(quoting Heck, 512 U.S. at 486-87).  The favorable termination rule set forth in

Heck has been applied to claims brought under sections 1985 and 1986.  Cook v.

City of Phila., 179 F. App'x 855, 859 (3d Cir. 2006) (finding that plaintiff's

section 1985 was barred by Heck) (citing Bougher v. Univ. of Pittsburgh, 882 F.2d

74, 79 (3d Cir. 1989); Jones v. City of Phila., 491 F. Supp. 284, 288 (E.D. Pa.

1980)); Kennedy, 2015 U.S. Dist. LEXIS 31722, *3 (citing McQuillion v.

Schwarzenegger, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004)); Stubbs v. City of

Wilkes-Barre, 2011 U.S. Dist. LEXIS 51893, *6 (M.D. Pa. 2011) (Smyser, M.J.)

("Although Heck dealt with a 42 U.S.C. § 1983 claim, the reasoning of Heck has

been applied to 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 claims as well."),

adopted by, 2011 U.S. Dist. LEXIS 51957 (M.D. Pa. 2011) (Conner, J.); see

Saunders v. Bright, 281 F. App'x 83, 84 n.4, 85 (3d Cir, 2008).  Heck "delays

what would otherwise be the accrual date of a tort action until the setting aside of

an extant conviction which success in that tort action would impugn." Heck, 512

U.S. 486-87.

Here, however, Plaintiff bases his section 1985 claim on the alleged

unconstitutional undercover operation by Defendants, Pennsylvania state troopers

Walter Koehler, Christopher O'Brien, and Christopher Lamb that occurred on May

31, 2012, which resulted in criminal charges being filed against Plaintiff at case

number 2553-2012 in the Luzerne County Court of Common Pleas.  (Doc. 10, p.

2); Johnson, CP-40CR-0002553-2012.  Plaintiff is still awaiting trial at case

number 2553-2012.  Johnson, CP-40CR-0002553-2012.  Where a plaintiff files a

claim before he has been convicted, "it is within the power of the district court,

and in accord with common practice, to stay the civil action until the criminal case

or the likelihood of a criminal case is ended." Wallace, 549 U.S. at 393-94

(citations omitted).  "'[I]f the plaintiff [] is ultimately convicted, and if the...civil

suit would impugn that conviction, Heck will require dismissal....'" Khan v.

Borough of Englewood, 2014 U.S. Dist. LEXIS 9958, *13 (D.N.J. 2014) (quoting

Wallace, 549 U.S. at 394) (alteration in original); see Cook, 179 F. App'x. at 859

(found that Heck barred section 1985 claim while plaintiff's trial was ongoing

because to prove that claim plaintiff "must show that he was denied his

constitutional rights and that the officials intended or knew about the

deprivation.") (citing <u>Bougher</u>, 882 F.2d at 79).

Furthermore, even though the alleged conspiracy occurred on or before May 31, 2012, due to the scant factual allegations regarding his section 1985 claim, there is a question as to whether it was filed within the two year statute of limitations.  <u>Ali v. Amoroso</u>, 514 F. App'x 108, 111 (3d Cir. 2013) ("The two-year statute of limitations for personal injury claims under Pennsylvania state law also applies to [plaintiff's] section 1985 claim.") (citing <u>Boughner v. University of Pittsburgh</u>, 882 F.2d 74, 79 (3d Cir. 1989)).  Section 1985 claims begin to accrue when the Plaintiff knew or should have known of the alleged conspiracy.  <u>Id.</u> (citing <u>Dique</u>, 603 F.3d at 189).  Here, there are no allegations addressing when Plaintiff knew or should have known of the alleged conspiracy.  Thus, this Court is unable to determine the accrual date for this section 1985 claim.  <u>Id.</u>

Consequently, out of an abundance of caution, since Plaintiff's case at 2553-2012 is still ongoing and success on his section 1985(3) claim will impugn his criminal conviction(s), if any, in case number 2553-2012, the section 1985(3) claim will be stayed pending Plaintiff's receipt of a favorable termination in his criminal case at 2553-2012.

## V.   Conclusion

Based on the Court's screening of Plaintiff's complaint, and his

supplements, all claims in this matter against Defendants Judge Pierantoni, Judge

Augello, Judge Brown, Matthew Kelly, Charles Ross, Mark Singer, the Luzerne

County District Attorney's Office, the Luzerne County Clerk of Court, Stephanie

Salavantis, F. McCabe, and Mary Phillips are dismissed with prejudice.

Furthermore, Plaintiff's claims against Defendants Pennsylvania state

troopers Walter Koehler, Christopher O'Brien, and Christopher Lamb will be

dismissed without prejudice.  Similarly, his claim that "Dailey Reporting Center"

conspired to entrap Plaintiff will be dismissed without prejudice.  Plaintiff's false

imprisonment claims regarding case numbers 2193-2010, 2713-2011, 117-2012,

2553-2012 are barred by the statute of limitations and thus, will be dismissed with

prejudice.  Plaintiff's claims regarding entrapment, bail, unconstitutional

placement, subornation to perjury, and Brady violations will be dismissed without

prejudice.  Plaintiff's claims of lost property and official oppression are not

cognizable under 42 U.S.C. § 1983, and thus, will be dismissed with prejudice.

Plaintiff's claim for selective prosecution fails to state a claim upon which relief

can be granted and thus, will be dismissed with prejudice.  Plaintiff's section

1985(3) claim will be stayed pending Plaintiff receiving a favorable termination in

case number 2553-2012.

A separate Order will be issued.

**Date**: March 31, 2015                    /s/ William J. Nealon
                                            **United States District Judge**