IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARMONI MASUD JOHNSON, :
:
    Plaintiff :
:
v. : 3:14-CV-1490
: (JUDGE MARIANI)
WALTER KOEHLER, et al., :
:
    Defendants :

## MEMORANDUM

Presently before the Court is Plaintiff's "Petition for Reconsideration En Banc and or Appeal" (Doc. 46).

On July 24, 2017, Defendants Walter Koehler, Christopher O'Brien, and Christopher Lamb filed a Motion to Dismiss Plaintiff's Complaint (Doc. 37). Plaintiff Armoni Johnson thereafter filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. 43).

On October 6, 2017, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") (Doc. 44) recommending that Defendants' Motion to Dismiss be granted. On October 27, 2017, having received no objections, the Court reviewed the Magistrate Judge's R&R for clear error or manifest injustice, adopted the R&R in its entirety, and ordered that the case be closed (Doc. 45).

On November 15, 2017, the Clerk of Court filed a document from Plaintiff entitled "Petition for Reconsideration En Banc and or Appeal" (Doc. 46). The "Petition" and supporting brief request that the Court's Order "dismissing plaintiff complaint [*sic*] and

granting defendants motion to dismiss be vacated and action [*sic*] be reopened back up and litigated on its merits as law and justice requires." (Doc. 46, at 4). Defendants thereafter filed a brief in opposition to Plaintiff's motion. (Doc. 47).

Assuming that Plaintiff's motion is brought pursuant to Fed. R. Civ. P. 59, Plaintiff's motion is timely. Pursuant to Rule 59, "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).[1]

A Court may alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), which is otherwise known as a motion for reconsideration. *See Keifer v. Reinhart Foodservices, LLC.*, 563 Fed.Appx. 112, 114 (3d Cir. 2014). A motion to alter or amend "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

---

[1] If the Court were to assume that Plaintiff's motion is one for reconsideration, pursuant to M.D. Pa. Local Rule 7.10, "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Here, Plaintiff's motion, filed by the Clerk of Court on November 15, 2017, and dated November 12, 2017 (*see* Doc. 46, at 4), is dated 16 days after the Court's Order adopting the R&R (*see* Doc. 45, filed October 27, 2017), thus making it untimely as a motion for reconsideration.

While district courts may "prescribe rules for the conduct of court business so long as those rules are consistent with the Acts of Congress and the Federal Rules of Procedure," *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 173 (3d Cir.1990), the court may only "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment," *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir.2000). Here, even if the Court assumes that the present motion is purely one for reconsideration, in light of Johnson's status as a *pro se* prisoner and the fact that Johnson's motion is only 2 days late, the Court finds that Johnson's untimeliness is excusable. Furthermore, neither party is unfairly prejudiced by this minimal extension to Johnson's time to file his motion. Indeed, Defendants' counsel interprets Plaintiff's motion as one brought pursuant to Rule 59(e) and therefore does not raise the possibility that Plaintiff's motion is untimely. (Doc. 47).

Nonetheless, regardless of whether Plaintiff's motion is one for reconsideration or brought pursuant to Rule 59(e), the standard under which the Court must evaluate the motion is the same.

2

1218 (3d Cir. 1995) (internal quotation marks and brackets omitted). *Cf. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (setting forth the three grounds on which a motion for reconsideration may be granted). However, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)).

Plaintiff's motion and supporting brief address the merits of the R&R and this Court therefore deems them to consist of Objections to the R&R, requesting reconsideration of this Court's adoption of the Magistrate Judge's findings and/or that the Court alter or amend the judgment, based on Plaintiff's newly submitted arguments.

Preliminarily, the Court is unconvinced by Plaintiff's assertion that he never received a copy of Magistrate Judge Carlson's R&R (*see* Doc. 46, at 1). Plaintiff received every other document, including this Court's Order adopting the Magistrate Judge's Report and Recommendation, as evidenced by Plaintiff's present motion for reconsideration. Further, there is nothing on the record to indicate that Plaintiff did not receive the R&R. Nonetheless, even giving Plaintiff every benefit of the doubt, his present Objections and request for

reconsideration fail to raise any new or persuasive argument, nor do they meet the requisite standard for a motion for reconsideration.[2]

Here, Plaintiff is not asserting an intervening change in controlling law or the availability of new evidence that was not previously available. Rather, liberally construing Plaintiff's motion and giving him every reasonable inference, it appears that Plaintiff's motion rests on "the need to correct clear error of law or prevent manifest injustice." The Court must reject this assertion.

First, Plaintiff's motion and supporting brief fail to raise any new legal or factual issues not previously raised in his brief in opposition to Defendants' Motion to Dismiss (*see* Doc. 43) and, to the extent relevant, addressed in the R&R. *See Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (a motion for reconsideration should not "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

Second, much of the law cited by Plaintiff is irrelevant to the current claims and issues in this action. To the extent that some of the case law is applicable, the law set forth in those cases, if not those cases themselves, has been addressed by the Magistrate Judge in the R&R.

---

[2] Even if the Court were to address Plaintiff's current filing as Objections to the R&R and apply a *de novo* standard of review, rather than the standard set forth for reconsideration, Plaintiff's arguments still fail and the Court would have adopted the R&R upon *de novo* review of the R&R and all related filings for the reasons set forth by the Magistrate Judge.

4

Finally, and crucially, for the reasons set forth in the R&R and adopted by this Court, Plaintiff's action fails on several fronts. As this Court noted in its Order adopting the R&R, "Plaintiff's attempt to raise these issues via a proceeding brought pursuant to § 1983 is unavailing and the Magistrate Judge's determination on this issue alone resolves this matter." (Doc. 45, at n.1). In addition to the fact that Plaintiff's action is incorrectly brought pursuant to § 1983, the Magistrate Judge set forth several other bases for his recommendation that the Motion to Dismiss should be granted, which the Court also adopted. As such, there is no manifest injustice in this Court's grant of Defendants' Motion to Dismiss and direction to close the case.

For the foregoing reasons, upon consideration of Plaintiff's "Petition for Reconsideration En Banc and or Appeal" (Doc. 46), the Court will deny Plaintiff's "Petition". A separate Order follows.

Robert D. Mariani
United States District Judge